**ORIGINAL**

Ian E. Silverberg, Esq. (#5501)
Del Hardy, Esq. (#1172)
Hardy and Associates
96 Winter Street
Reno, NV 89503
(775) 322-7422

Allen K. Lichtenstein (#3992)
3315 Russell road #22
Las Vegas, NV 89120
(702) 433-2666

Attorneys for Plaintiffs

2005 JAN 28  A 9:48

MJ

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| STEVEN FERGUSON, | CV-S-05-0103-JCM-PAL |
| Plaintiffs, | |
| vs. | **COMPLAINT** |
| SOUTHERN HIGHLANDS GOLF CLUB, LLC, SOUTHERN HIGHLANDS/CHRISTOPHER HOMES, LLC, Nevada Limited Liability Companies; CHRISTOPHER COMMUNITIES AT SOUTHERN HIGHLANDS GOLF CLUB HOMEOWNERS ASSOCIATION, THE ESTATE AT SOUTHERN HIGHLANDS GOLF CLUB COMMUNITY ASSOCIATION; SOUTHERN HIGHLANDS COMMUNITY ASSOCIATION; GARRY GOETT an individual; CHRISTOPHER STUHMER, an individual; and JAY BECKMAN, an individual, | (Jury Requested) |
| Defendants. | |

COMES NOW the Plaintiff, STEVEN FERGUSON, by and through Counsel, Ian E. Silverberg, Esq., of Hardy and Associates and Allen K. Lichtenstein, Esq., and for causes of action against the Defendants, and each of them, do hereby allege the following:

///

///

///

-1-

# I.

## JURISDICTION AND VENUE

1. This is an action for damages and for injunctive relief based on violations of 42 USC 1981, 28 USC 1337, 1343(4) and title VIII of the 1968 Civil Rights Act, as amended by 42 U.S.C. 3600-3620, the Federal Fair Housing Act and related state common law causes of action. The Court has original jurisdiction over the federal causes of action based on 28 U.S.C. sections 1331 and 1343(a)(4). The Court has supplemental jurisdiction over the remaining causes of action based on 28 U.S.C. Section 1367.

2. Venue is proper in this Court in that the acts and omissions complained of herein against the Defendants, and each of them, occurred in the County of Clark, State of Nevada.

# II.

## PARTIES

3. Plaintiff STEVEN FERGUSON is an African American adult male residing at all times relevant herein in the State of Nevada, County of Clark, and is a citizen of the United States.

4. Defendant SOUTHERN HIGHLANDS GOLF CLUB, LLC., is a Nevada Limited Liability Company conducting business in the County of Clark, State of Nevada.

5. Defendant SOUTHERN HIGHLANDS\CHRISTOPHER HOMES 1, LLC., is a Nevada Limited Liability Company.

6. Defendant SOUTHERN HIGHLANDS GOLF CLUB, LLC, is a Nevada Limited Liability Corporation.

7. Defendant CHRISTOPHER COMMUNITIES AT SOUTHERN HIGHLANDS GOLF CLUB HOMEOWNERS ASSOCIATION is a registered Nevada home owners association.

8. Defendant SOUTHERN HIGHLANDS COMMUNITY ASSOCIATION is a registered Nevada home owners association.

9. Defendant GARY V. GOETT is an individual residing in the State of Nevada, County of Clark, and is sued herein both individually and in his supervisory capacity.

10. Defendant CHRISTOPHER STUHMER is an individual residing in the State of Nevada, County of Clark, and is sued herein both individually and in his supervisory capacity.

11. Defendant JAY BECKMAN is an individual residing in the State of Nevada, County of Clark, and is sued herein both individually and in his supervisory capacity.

### III.

### FACTUAL ALLEGATIONS

12. The Plaintiff is a resident of an exclusive gated community known as Southern Highlands and has been so since December of 2001.

13. The Plaintiff, at the time he purchased his residence, was the only African-American living in this community.

14. The Plaintiff purchased a home in Southern Highlands to enjoy fully the benefits of residency that such a community has to offer, including, but not limited to, membership in the Southern Highlands Golf Club.

15. At the beginning of his residency, the golf club was run by Mr. Jay Davis who served as general manager, director of golf and head golf professional.

16. At that time, the Plaintiff was able to enjoy the benefits of his residency without being subjected to racial discrimination.

17. After several months, Mr. Davis left his position at Southern Highlands Golf Club.

18. Mr. Davis was replaced by Stan Spraul, who served as general manager, and Defendant JAY BECKMAN, who served as Director of Golf and head golf professional.

19. From this point on, the Plaintiff was subjected to a pattern and practice of racial discrimination perpetrated and ostensibly condoned by the Defendants, and each of them.

20. Specifically, on or about December 29, 2001, the Plaintiff's daughters, who were staying with the Plaintiff briefly at that time, came home to find a poster of a hanging black man with the words, "The only good nigger is a dead nigger. Get your black ass out of Southern Highlands."

21. The Plaintiff brought this to the attention of Defendant GARY V. GOETT, through his son, who assured the Plaintiff that something would be done.

22. Despite the assurance, Defendants GARY V. GOETT, SOUTHERN HIGHLANDS GOLF CLUB, LLC., SOUTHERN HIGHLANDS\CHRISTOPHER HOMES I, LLC., SOUTHERN

1  HIGHLANDS GOLF CLUB, LLC, CHRISTOPHER COMMUNITIES AT SOUTHERN
2  HIGHLANDS GOLF CLUB HOMEOWNERS ASSOCIATION and SOUTHERN HIGHLANDS
3  COMMUNITY ASSOCIATION did nothing to address this situation, to try and find the responsible
4  party, to provide any training to staff or to even bring the matter up at any homeowners association
5  meeting.

6      23.    In fact, rather than addressing the issue of the racially hostile and offensive poster affixed to the Plaintiff's door, the Plaintiff became the target of a severe and pervasive racially hostile living environment.

9      24.    The racially hostile living environment consisted of, but was and is not limited to the following:

- (a) Being kicked out of the golf club twice without cause or process and then improperly withholding a large portion of the Plaintiff's dues;
- (b) Being denied services while allowed to be a member of the golf club such as food and drink service and golf cart repairs;
- (c) Being referred to as "nigger" on multiple occasions while out on the golf course both to his face and behind his back;
- (d) Being threatened with arrest for trespass if the Plaintiff were to approach the club house;
- (e) Refusal to perform repairs on the Plaintiff's residence;
- (f) Being ostracized by many members at the behest of Defendant GOETT and being conspired against in order to justify barring the Plaintiff from the club house;
- (g) Having the Plaintiff's golf clubs and equipment removed from his locker and left outside of the club house;
- (h) Being falsely accused by Defendant GOETT of violating club policy; and
- (i) Being spied upon by staff and residents.

27      25.    The above described actions and the failure to address the same were perpetrated by
28  each of the individually named Defendants both individually and in their supervisory capacities in

1. relation to the above-named Defendant entities.

2. 26. Said acts and omissions are in violation of the Federal Fair Housing Act and are in violation of the contracts and agreements signed between the parties.

27. In addition, the acts and omissions of the individually named Defendants were done intentionally, maliciously and in reckless disregard of the federally protected rights of the Plaintiff.

28. As a direct and proximate result of the acts and omissions complained of herein, the Plaintiff has suffered humiliation and embarrassment and has been denied the benefits of the property he purchased.

29. The Plaintiff suffered emotional distress with physical manifestations as a direct and proximate result of the discriminatory treatment he has subjected to by the Defendants, and each of them.

30. The Plaintiff has also suffered financially in that he has paid for services and been denied the same based solely upon his race.

**FIRST CAUSE OF ACTION**

**(Federal Fair Housing Act Violation against all Defendants)**

31. Plaintiff hereby incorporates by reference paragraphs 1030 of this Complaint as if fully set forth herein.

32. The acts and omissions of the Defendants, and each of them, and their authorized agents, are in violation of the Federal Fair housing Act which prohibits, among other things, discrimination in the terms, conditions or privileges of a dwelling, or in the provision of such services or facilities in connection with residence because of race.

33. As a direct and proximate result of this discriminatory treatment, the Plaintiff has suffered damages as set forth herein and in an amount to be proved at trial.

**SECOND CAUSE OF ACTION**

**(Breach of Covenant of Quiet Enjoyment)**

34. Plaintiff hereby incorporates by reference paragraphs 1-33 of this Complaint as if fully set forth herein.

35. The acts and omissions of the Defendants, and each of them, and their authorized

agents are in breach of the Covenant of Quiet Enjoyment inherent in every residence.

36.  As a direct and proximate result of said breach, the Plaintiff has suffered damages as set forth herein and in an amount to be proved at trial.

## THIRD CAUSE OF ACTION

### (Intentional Infliction of Emotional Distress)

37.  Plaintiff hereby incorporates by reference paragraphs 1-36 of this Complaint as if fully set forth herein.

38.  The Defendants, and each of them, by way of the acts and omissions complained of herein, have engaged in extreme and outrageous conduct designed to inflict severe emotional distress on the Plaintiff.

39.  As a direct and proximate result the Plaintiff has suffered damages as set forth herein and in an amount to be proved at trial.

## FOURTH CAUSE OF ACTION

### (Breach of Contract)

40.  Plaintiff hereby incorporates by reference paragraphs 1-39 of this Complaint as if fully set forth herein.

41.  The Plaintiff entered into valid contracts for which consideration was given for membership in Southern Highlands Golf Club and to receive the services associated therewith.

42.  The Defendants, and each of them, breached this contract by banning the Plaintiff from the club house twice without reason or process and by denying him the services of said membership. 43.  As a direct and proximate result, the Plaintiff has suffered damages as set forth herein and in an amount to be proved at trial.

## FIFTH CAUSE OF ACTION

### (Breach of Covenant of Good Faith and Fair Dealing)

44.  Plaintiff hereby incorporates by reference paragraphs 1-43 of this Complaint as if fully set forth herein.

45.  The acts and omissions of the Defendants, and each of them, in relation to the contractual dealings with the Plaintiff are in violation of the covenant of good faith and fair dealing

1. inherent in every contract.

2. 46. As a direct and proximate result, the Plaintiff has suffered damages as set forth herein and in an amount to be proved at trial.

### SIXTH CAUSE OF ACTION

### (Punitive Damages)

47. Plaintiff hereby incorporates by reference paragraphs 1-46 of this Complaint as if fully set forth herein.

48. The acts and omissions of the Defendants, and each of them, complained of herein, were done intentionally, maliciously and in reckless disregard of the federally protected rights of the Plaintiff making appropriate an award of punitive damages.

### SEVENTH CAUSE OF ACTION

### (Attorneys Fees)

49. Plaintiff hereby incorporates by reference paragraphs 1-48 of this Complaint as if fully set forth herein.

50. As a direct and proximate result of the acts and omissions of the Defendants, and each of them, complained f herein, the Plaintiff has been required to obtain the services of counsel and has incurred substantial fees and costs in connection with this litigation.

51. As a direct and proximate result, and based on the Federal fair housing Act, the Plaintiff is entitled to and request and award of attorneys fees and costs.

**WHEREFORE**, Plaintiff respectfully requests the Court grant the following relief:

1. An order declaring that the acts and omissions of the Defendant complained of herein are in violation of the Plaintiff's Federally protected rights under the Fair Housing Act and enjoining the Defendant from engaging in further discriminatory activity against the Plaintiff.

2. A temporary restraining order and preliminary injunction immediately requiring the Defendants to reinstate the Plaintiff's golf club and other privileges.

3. Compensatory damages in an amount to be proved at trial.

4. Punitive damages in an amount to be determined at trial.

5. Special damages n an amount to be proved at trial.

6. Attorneys fees and costs of litigation; and,

7. For any further relief the Court may consider appropriate.

DATED this 27th day of January, 2005.

Ian E. Silverberg, Esq. (#5501)
Hardy and Associates
Allen Lichtenstein (#3992)
96 Winter Street
Reno, NV 89503
(775) 322-7422
Attorneys for Plaintiff

-8-