1
2
3
4               **UNITED STATES DISTRICT COURT**
5                    **DISTRICT OF NEVADA**
6
7   STEVEN FERGUSON,                    )
8                        Plaintiff,     )        Case No. 2:05-cv-0103-BES (PAL)
                                        )
9   vs.                                 )              **ORDER**
                                        )        (M/Interim Attorney's Fees - #21)
10  SOUTHERN HIGHLANDS GOLF             )        (M/Extend Discovery Cut-off - #126)
    CLUB, LLC, et al.,                  )(M/Sanctions Pursuant to FRCP 37(d) - #140)
11                                      )(M/Plaintiff to Identify Attorney Assisting - #145)
                                        )  (M/Sanctions Pursuant to FRCP 37(d) - #149)
12                        Defendants.   )           (M/Disqualify - #161)
                                        )
13  _____

14          In a Minute Order entered August 22, 2006 (#169), the district judge referred to the undersigned

15  a series of motions filed by both the plaintiff and the defendants.  The first is Plaintiff's Motion for

16  Interim Attorney's Fees (#21), to which defendants Southern Highlands Golf Club, LLC, Garry Goett

17  and Jay Beckman (collectively, the "Club Defendants") filed a Response (#32).  The second is

18  plaintiff's Motion to Extend Discovery Cut-off Date and All Related Dates (#126), to which the Club

19  Defendants filed an Opposition (#129), defendants Southern Highlands/Christopher Homes, LLC and

20  Christopher Stuhmer (collectively, the "Homes Defendants") filed a Joinder (#138) and the plaintiff

21  filed two Replies (## 139, 143).  The third is the Homes Defendants' Motion for Sanctions Pursuant to

22  Federal Rule of Civil Procedure 37(d) (#140), to which the Club Defendants filed a Joinder (#154), the

23  plaintiff filed an Opposition (#148) and the Homes Defendants filed a Reply (#150).  The fourth is the

24  Club Defendants' Motion for Order Requiring Plaintiff to Identify the Attorney Assisting Him (#145),

25  to which the plaintiff filed an Opposition and Request for Sanctions Pursuant to FRCP Rule 11 (#152),

26  the Club Defendants filed an Opposition to the request for sanctions (#157) as well as a Reply (#159),

27  the plaintiff filed an Errata (#162) and the Club Defendants filed a Supplement to the Reply (#165).

28  The fifth is the Club Defendants' Motion for Sanctions Pursuant to Fed. R. Civ. P. 37(d) (#149), to

1  which the plaintiff filed an Opposition (#160) and the Club Defendants filed a Reply (#163).  Sixth, the

2  plaintiff filed a Motion to Disqualify Frank M. Flansburg, III; John Sacco; and the Law Firm of

3  Marquis and Aurbach and/or Award Monetary Sanctions for Violation of Supreme Court Rule 203

4  (#161), to which the Homes Defendants filed an Opposition (#164).

5        This is an action for intentional infliction of emotional distress, breach of contract, and breach

6  of the covenant of good faith and fair dealing.  The complaint (#1) in this matter was first filed February

7  1, 2005.

8  **I.      Motion for Interim Attorney's Fees (#21)**

9        Former counsel for the plaintiff, Ian Silverberg, seeks interim attorneys fees associated with the

10  cost of successfully bringing plaintiff's motion for a preliminary injunction (#3), which was granted by

11  the district court (See Minutes, #11).  Mr. Silverberg sought leave to withdraw as plaintiff's counsel,

12  which the court granted over the plaintiff's objection at a hearing on December 15, 2005.  (See Minutes,

13  #107.)  The Club Defendants appealed the district judge's grant of the preliminary injunction, and the

14  Ninth Circuit upheld the preliminary injunction on appeal. (Opinion, #112.)  Mr. Silverberg argues that

15  the plaintiff's success on the motion for preliminary injunction meets the "prevailing party" standard

16  under the relevant case law because "the Court ruled unambiguously that the Federal Fair Housing Act

17  applies to Defendants Goett and Southern Highlands Golf Club, LLC."  (Mot. at 7:19-20) (emphasis

18  removed).  The Homes Defendants oppose the motion, arguing that it does not meet the "prevailing

19  party" standard because the plaintiff did not prevail on any of the merits of his claims, and that the

20  ruling on the Federal Fair Housing Act ("FHA") did not alter the legal relationship between the parties.

21        Title 42 U.S.C. §1988(b) provides in pertinent part:

22              In any action or proceeding to enforce a provision of sections 1981,

23              1981a, 1982, 1983, 1985, and 1986 of this title . . . the court, in its

24              discretion, may allow the prevailing party, other than the United States, a

25              reasonable attorney's fee as part of the costs . . ..

26  Therefore, this court must determine whether the plaintiff was the "prevailing party" within the

27  meaning of § 1988.  See Hanrahan v.Hampton, 446 U.S. 754, 756 (1980).  A plaintiff may be

28  considered a prevailing party if he or she succeeds on "any significant issue in litigation which achieves

1  some of the benefit" sought in bringing the suit.  Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).  A

2  person may be considered a prevailing party without obtaining a favorable final judgment following a

3  full trial on the merits, for example where a person vindicates rights through a consent judgment

4  without formally obtaining relief.  Hanrahan, 446 U.S. at 756-57.  (citing the legislative history of the

5  Civil Rights Attorneys' Fee Awards Act of 1976).  "A plaintiff who prevails on appeal merely because

6  of an erroneous procedural or evidentiary ruling, however, is not ordinarily entitled to fees."  Mantolete

7  v. Bolger, 791 F.2d 784, 786 (9th Cir. 1986) (citing Hanrahan, 446 U.S. at 759).  Instead, the plaintiff

8  must establish entitlement to some relief on the merits of his or her claims, either in the trial court or on

9  appeal, or there must have been some determination of the substantial rights of the parties.  Hanrahan,

10  446 U.S. at 757-58.

11      In the instant case, the plaintiff brought suit under § 1981 and § 1982, bringing Mr. Silverberg's

12  request for attorney's fees within the ambit of § 1988.  Mr. Silverberg does not argue that success on

13  the motion for a preliminary injunction established entitlement to some relief on the merits of the

14  plaintiff's claims, but rather that there has been a determination of the substantial rights of the parties

15  with regard to the applicability of the FHA.  A comparison with the facts in Mantolete reveals that such

16  is not the case with the instant preliminary injunction.

17      In Mantolete, the Ninth Circuit affirmed in part, reversed in part, and remanded for further

18  consideration the plaintiff's claim that the Postal Service violated the Rehabilitation Act of 1973 when

19  it refused to hire her on account of her epileptic condition.  791 F.3d at 785.  The Ninth Circuit also

20  awarded interim attorney's fees.  Id.  On appeal, the Ninth Circuit affirmed its award of attorney's fees,

21  finding that while the case had been remanded for further proceedings, the plaintiff had prevailed on

22  several significant issues, including establishing a higher threshold showing for the Postal Service to

23  refuse full consideration of an employment application, shifting the burden of proof to the Postal

24  Service to demonstrate undue hardship in creating a reasonable accommodation, and imposing an

25  affirmative duty on federal employers to gather information relevant to these determinations.  Id. at 786.

26  The Ninth Circuit held that because Mantolete had established new legal precedent that

27  strengthened the protections of the Rehabilitation Act she had achieved sufficient success to be

28  considered a prevailing party under the Act.

3

1    By contrast, in the instant case, the preliminary injunction against the defendants merely held
2    that the FHA applied to certain of the defendants.  The holding did not alter any legal relationships
3    between the parties relative to the FHA beyond its mere application.  In the Order (#57) granting the
4    preliminary injunction, the district judge found that the plaintiff had made a prima facie showing that he
5    was a resident of Southern Highlands and as part of the purchase of the residence received a
6    membership in a golf and social club.  The district judge also found that after being accepted into the
7    club, the plaintiff alleged he was the victim of racially hostile comments and retaliation, and that to the
8    extent that the membership was a part of the bundle of rights purchased with the home, the plaintiff did
9    not have an adequate remedy at law for the abuses he alleged.  The district judge found in addition that
10   the plaintiff did have a likelihood of success on the merits, and that the balance of the hardships favored
11   the plaintiff in that the defendants would not be harmed by allowing the plaintiff to maintain his
12   membership in the club.  In Hanrahan, the Supreme Court noted that Congress intended to permit an
13   award of fees *pendente lite* in some cases, but found "it seems clearly the intent of Congress to permit
14   such an interlocutory award only to a party who has established his entitlement to some relief on the
15   merits of his claims, either in the trial court or on appeal."  446 U.S. at 757.  The preliminary injunction
16   did not determine the substantial rights of the parties, but that the plaintiff had made a prima facie
17   showing of entitlement to injunctive relief.  Mr. Silverberg has not established that the plaintiff's
18   success on the motion for a preliminary injunction made him the "prevailing party" within the meaning
19   of § 1988, and accordingly the request for interim attorney's fees will be denied.

20   **II.      Motion to Extend Discovery Cut-off Date (#126)**

21   The plaintiff seeks to extend the discovery cut-off date, which had already expired at the time he
22   filed his motion on March 14, 2006.  He argues that an extension is necessary because his attorney
23   withdrew and did not provide him with the case files for three months.  The defendants oppose the
24   request on the grounds that it is untimely, does not comply with the Federal Rules of Civil Procedure,
25   and that the plaintiff has not shown good cause to extend the deadlines.

26   Local Rule 26-4 requires that applications to extend any discovery plan and scheduling order
27   deadlines must satisfy the requirements of LR 6-1, be supported by a showing of good cause, and shall
28   include statements specifying the discovery completed; a specific description of the discovery that

4

1  remains to be completed; the reasons why discovery remaining was not completed within the time limit
2  set by the discovery plan; and a proposed schedule for completing all remaining discovery.

3       While the plaintiff may not have been able to conduct discovery because he did not have the
4  case files from his prior counsel, he waited until after the expiration of the March 10, 2006 discovery
5  cut-off date to request an extension.  The plaintiff was present telephonically for the January 17, 2006
6  status conference during which the court extended the discovery deadline to March 10, 2006.  (Minutes,
7  #115.)  Therefore, he was aware that the deadline was fast approaching, regardless of whether he had
8  received the case files from Mr. Silverberg.  Nevertheless, the plaintiff did not request an extension
9  until after the deadline had expired.  The plaintiff's actions do not support a showing of good cause, and
10 accordingly, the court denies his request to extend the discovery cut-off.

11 **III.**     **Motions for Sanctions (#140, #149)**

12      The Homes Defendants filed their Motion for Sanction (#140) on April 6, 2006.  The Homes
13 Defendants argue that the plaintiff failed to disclose contact information for potential witnesses
14 including Deborah Gray and the plaintiff's three daughters, changed his own deposition date multiple
15 times and ultimately did not appear at his own deposition, failed to make Ms. Gray and his daughters
16 available for deposition after previously indicating that he would do so, and failed to fully respond to
17 written discovery.  The Homes Defendants contend that the only appropriate sanction is the dismissal of
18 this action and an award of attorney's fees.  Defendants Southern Highlands Community Association
19 and Christopher Communities at Southern Highlands Golf Club Homeowners Association (collectively,
20 the "Association Defendants") filed a Joinder (#154) in the motion.  The plaintiff responds that the
21 majority of the abuses the Homes Defendants allege against him were committed by his former counsel
22 who "abandoned the plaintiff," and that to the contrary he has made every effort to complete discovery.
23 The plaintiff opposes a sanction of dismissal on the ground that the facts of this case are not extreme
24 enough to warrant such a sanction.

25      The Club Defendants also filed a Motion for Sanctions (#149).  The motion argues for the exact
26 same sanction based on the exact same alleged behavior by the plaintiff.  The plaintiff filed a Response
27 (#160) in which he argues that the Club Defendants' motion duplicates the Homes Defendants' motion,
28 and provides a very similar argument in response to each allegation against him.

1    These discovery abuse allegations were the subject of the January 17, 2006 status conference

2    during which time the court ordered the plaintiff to provide his daughters' last known addresses and

3    permitted the defendants to file a brief motion to compel regarding the outstanding written discovery

4    responses.  (Minutes, #115.)  The Club Defendants filed their motion to compel (#120) that was granted

5    in an Order (#121) dated March 3, 2006.  On March 7, 2006, the court issued an Order to Show Cause

6    (#123) why sanctions should not be imposed against the plaintiff for his failure to respond to the motion

7    to compel, failure to attend his deposition, and failure to comply with the court's prior Order (#121).

8    Upon notice by the defendants that for reasons unknown the plaintiff had not been served with the

9    Order to Show Cause, the court issued a second Order (#125) requiring the Clerk of the Court to serve

10   the plaintiff with several court documents, and requiring the plaintiff to comply with the court's prior

11   Order (#121) on the motion to compel.  The plaintiff responded to the second Order (#125) in the form

12   of a letter (#130), but also filed a Notice of Objection to the Court's March 13, 2006 Order #125

13   (#134), which the Clerk of the Court has docketed as a motion to reconsider, that is now before the

14   district judge.  The Notice of Objection (#134) has not yet been decided by the district judge.

15        Both motions for sanctions (## 140, 149) were filed after the plaintiff filed his notice of

16   objection (#134).  As both motions for sanctions concern discovery abuses that were addressed in the

17   Order (#125) to which an objection has been filed that is still pending before the district judge, further

18   sanctions may not be imposed on the basis of the plaintiff's failure to comply with an Order (#125) that

19   the district judge has not yet reviewed.  Moreover, the defendants were aware at the time they filed their

20   motions for sanctions that the plaintiff had filed a motion for reconsideration of the order requiring the

21   plaintiff to complete his discovery obligations.  Accordingly, both motions for sanctions will be denied.

22   **IV.    Motion for Plaintiff to Identify Attorney Assisting Him (#145)**

23        The Club Defendants argue that since appearing in this action *pro se*, the writing in plaintiff's

24   filings with the court have reflected the work of an attorney, rather than a layperson, and therefore must

25   be ghostwritten.  Noting that ghostwriting is an ethical violation, the Club Defendants request an order

26   requiring the plaintiff to identify the ghostwriter attorney.  The plaintiff points out that the defendants

27   had previously characterized him as "sophisticated" and responds that he has spent a considerable

28   amount of time and money writing his own court documents, the notion that he was unable to write his

                                                    6

1   own motions and responses is insulting.  He also contends that the motion is not legally supported, and

2   on that basis requests sanctions under Federal Rule of Civil Procedure 11.

3        Plaintiff has denied that the documents he filed with this court were written by or with the

4   assistance of an attorney.  Defendants suspect otherwise.  The main authority cited by the Club

5   Defendants is Wesley v. Don Stein Buick, Inc., 987 F.Supp. 884 (D. Kan. 1997), in which the

6   magistrate judge ordered a *pro se* plaintiff to disclose *whether* she had received substantial legal

7   assistance in drafting her pleadings, not the *identity* of the ghostwriter attorney, though the moving

8   party had so requested.  Id. at 886.  The plaintiff has responded to the question put forth by the

9   magistrate judge in Wesley, when he filed his response subject to the provisions of Rule 11.  From the

10  plaintiff's response to this motion, it is clear that he understands the substance of Rule 11 and the

11  serious consequences of violating this rule.  Accordingly, the motion for the plaintiff to identify the

12  attorney assisting him is denied.

13  **V.     Motion to Disqualify (#161)**

14       In this motion, the plaintiff moves for the disqualification of the Homes Defendants' attorneys

15  Frank Flansburg, John Sacco and the law firm of Marquis and Aurbach because Mr. Flansburg admitted

16  to contacting the plaintiff's prior counsel, Mr. Silverberg, to attempt to get an affidavit stating that Mr.

17  Silverberg had met his ethical obligations to his former client – a request which Mr. Silverberg

18  declined.  The plaintiff argues that Mr. Flansburg made this communication with the intent to violate

19  the attorney-client privilege, and on that basis also requests an injunction preventing further such

20  communication, and monetary sanctions.  The Homes Defendants respond that Mr. Flansburg contacted

21  Mr. Silverberg in the course of investigating claims raised by the plaintiff in his responses to the

22  motions for sanctions, that no attorney-client privileged material was sought or received from Mr.

23  Silverberg, and that none of the ethical rules or case law cited by the plaintiff prevent such

24  communication.

25       The Homes Defendants are correct that there is no prohibition on communication between

26  attorneys opposing one another in litigation.  Moreover, nothing in the record supports a finding that

27  Mr. Flansburg induced Mr. Silverberg to reveal privileged information.  Rather, it appears that Mr.

28  Silverberg raised the issue of the attorney-client privilege when he was contacted out of an abundance

of caution to ensure he was adhering to his duty of confidentiality to his former client, the plaintiff. Therefore, the motion to disqualify (#161) is denied.

Having reviewed and considered the matters,

**IT IS ORDERED:**

1.   Plaintiff's Motion for Interim Attorney's Fees (#21) is DENIED.

2.   Plaintiff's Motion to Extend Discovery Cut-off Date and All Related Dates (#126) is DENIED.

3.   Defendants' Motion for Sanctions Pursuant to Federal Rule of Civil Procedure 37(d) (#140) is DENIED.

4.   Defendants' Motion for Order Requiring Plaintiff to Identify the Attorney Assisting Him (#145) is DENIED.

5.   Defendants' Motion for Sanctions Pursuant to Fed. R. Civ. P. 37(d) (#149) is DENIED.

6.   Plaintiff's Motion to Disqualify Frank M. Flansburg, III; John Sacco; and the Law Firm of Marquis and Aurbach and/or Award Monetary Sanctions for Violation of Supreme Court Rule 203 (#161) is DENIED.

Dated this 21st day of September, 2006.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

8