# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

STEVEN FERGUSON,

    Plaintiff,

vs.

SOUTHERN HIGHLANDS GOLF CLUB, LLC SOUTHERN HIGHLANDS/CHRISTOPHER HOMES, LLC, Nevada Limited Liability Companies; CHRITOPHER COMMUNITIES AT SOUTHER HIGHLANDS GOLF CLUB COMMUNITY ASSOCIATION; SOUTHERN HIGHLANDS COMMUNITY ASSOCIATION; GARRY GOETT, an individual; CHRISTOPHER STUHMER, an individual; and JAY BECKMAN, an individual,

    Defendants.

2:05-CV-103-BES-PAL

**ORDER**

Before the Court is Defendants Southern Highlands Golf Club, LLC, Garry Goett, and Jay Beckman's Motion to Dissolve Preliminary Injunction (#146) ("Motion to Dissolve") filed on April 20, 2006. Plaintiff Ferguson filed his Opposition to Defendants Motion to Dissolve Preliminary Injunction and Motion for Sanctions Pursuant to FRCP Rule 11 (#151)

1  ("Opposition") on May 9, 2006. Defendants filed their Reply in Support of Motion to
2  Dissolve Preliminary Injunction (#156) ("Reply") on May 22, 2006. Defendants filed their
3  Opposition to Motion for Sanctions (#158) ("Opposition to Sanctions") on May 22, 2006.
4  Plaintiff filed his Reply to Defendants Motion to Dissolve Preliminary Injunction and Motion
5  for Sanctions (#166) ("Reply in Support of Sanctions") on June 6, 2006.

## I. BACKGROUND

7  This case arises out of allegations of discrimination in connection with Plaintiff's
8  residence in the planned development community of Southern Highlands ("Southern
9  Highlands"). In December 2001, Plaintiff purchased a home in Southern Highlands along
10 with a membership in the Southern Highlands Golf Club ("the club"). (Compl. (#1) ¶ 12.)
11 After several months of living in Southern Highlands, Plaintiff was allegedly approached
12 by a member of the club who asked if he could call Plaintiff by a racially insensitive
13 moniker. (Mot. Prelim. Inj. (#3) 5.) Plaintiff claims that he alerted the club's management
14 to the comment and that he was assured something would be done. Id.

15 Plaintiff asserts that following his report of the comment, however, he became the
16 target of further harassment. Id. Plaintiff claims that a picture of a hanging African-
17 American was posted to his door along with a note containing racial epithets. Id. He also
18 claims that his club membership was revoked for no reason and that his membership
19 deposit was improperly withheld. (Compl. (#1) ¶ 24.) He further claims that he was denied
20 services in the golf club, that he was referred to in a racially derogatory manner, and that
21 he was ostracized by club members at the bidding of the Defendant Goett. Id.

22 Plaintiff filed his Complaint on February 1, 2005, alleging, among other things,
23 violations of the Fair Housing Act ("FHA"). (Compl. (#1) ¶ 31.) On February 4, 2005,
24 Plaintiff filed his Motion for Temporary Restraining Order and Preliminary Injunction (#3)
25 ("Motion for Preliminary Injunction") seeking to prohibit Defendants from interfering with his
26 use of his club membership. (Mot. Prelim. Inj. (#3) 2.) On July 8, 2005, Plaintiff's Motion

for Preliminary Injunction was granted. (See Order (#57).) Defendants now seek to have that injunction dissolved.

## II. ANALYSIS

### A. Preliminary Injunction

"A party seeking modification or dissolution of an injunction bears the burden of establishing that a significant change in facts or law warrants revision or dissolution of the injunction." Sharp v. Weston, 233 F.3d 1166, 1170 (9th Cir. 2000) (citing Bellevue Manor Assocs. v. United States, 165 F.3d 1249, 1255 (9th Cir. 1999)). The preliminary injunction in question here was established by the court's Order (#57) of July 12, 2005.[1] As a consequence, this Court's judgment as to whether Defendants have established a significant change in facts warranting dissolution of the injunction will be made in relation to the factual findings set out in the July 12th order.

At that time, the court found that Plaintiff resided in a home in Southern Highlands and owned a membership in the golf club associated with the community. The court also found that acceptance into the club had been a condition precedent to Plaintiff's purchase of the home and that the membership was thus part of the "bundle of rights" conveyed at the time of sale. (Order (#57) 2.) The court then concluded that in so much as the membership was "part and parcel" of Plaintiff's interest in real property, no adequate remedy existed at law. Id. Implicit in the court's ruling was the judgment that Plaintiff's allegation that his reporting of racially hostile remarks resulted in retaliation against him was sufficient to suggest a likelihood of success on the merits of his Fair Housing Act claims. See id.

Defendants argue that Plaintiff's claim for injunctive relief is moot because he no longer lives in Southern Highlands. They maintain that since Plaintiff no longer lives in

---

[1] At that time, this case was assigned to the Honorable Judge James C. Mahan, United States District Court Judge, District of Nevada.

3

1  Southern Highlands, he cannot claim that he is entitled to membership in the club as a
2  benefit of residency, and therefore the injunction should be dissolved. (Mot. Dismiss
3  (#146) 10.)
4        Plaintiff argues that Defendants are estopped from arguing for the dissolution of the
5  injunction under the "law of the case" doctrine. He claims that Defendants have
6  unsuccessfully argued for the dissolution of the injunction before and thus should not be
7  able to do so here. (Opposition (#151) 4-6.) He also claims that even if they should be
8  allowed to present the issue now, his place of residency is irrelevant as it relates to the
9  validity of the injunction. Id. at 7-8.
10        The FHA prohibits discrimination in the benefits of residency. 42 U.S.C. § 3604(b).
11  In seeking the injunction in question, Plaintiff argued that his club membership should be
12  characterized as a benefit of his residency in Southern Highlands thus triggering the
13  protections of the FHA. (Motion Prelim. Inj. (#3) 3 & 7.) The court agreed. (See Order
14  (#57).) The finding was crucial because the FHA provides no protection against
15  discrimination in private club memberships as independent entitlements. See 42 U.S.C.
16  § 3604. Thus, in granting the injunctive relief the court was preserving Plaintiff's ability to
17  enjoy the use of his membership in connection with his residency.
18        Today, however, Plaintiff resides in Southern California, not Southern Highlands[2];
19  thus, any interference with Plaintiff's membership cannot constitute a denial of a benefit
20  associated with his Southern Highlands residency. As such, the factual underpinning of
21  the injunction no longer exists, and the court's rational for entering the injunction is no
22  longer applicable. More importantly, Plaintiff is no longer in a position to reap the benefits

---

[2] The Court bases this finding on the fact that on January 17, 2006, Plaintiff admitted in open court that he currently resides in Beverly Hills, California. (Minutes (#115).) Defendant does not now dispute that he no longer resides in Southern Highlands. (See Opposition (#151).) It should also be noted that Plaintiff's pleadings refer to a Beverly Hills post office box as his point of contact.

of the injunction. It should therefore be dissolved.

Plaintiff's arguments against dissolution are unfounded. Plaintiff claims that the cases Defendants cite in support of their argument are inapposite, and that the injunction is valid regardless of his place of residency. (Opposition (#151) 7.)

Defendants cite United States v. Rock Springs Vista Development, 8 Fed.Appx. 837 (9th Cir. 2001) and Harris v. Itzhaki, 183 F.3d 1043 (9th Cir. 1999) in support of dissolution of the injunction in question. Defendant's citation of Rock Springs, however, is misplaced because it is an unpublished disposition and therefore has no precedential value. See CTA9 36-3. Harris, on the other hand, is published. There, the Ninth Circuit held that the plaintiff's request for prospective injunctive relief against an apartment complex that had discriminated against her became moot when she voluntarily moved out of the apartment.

Harris and this case are similar in that in both cases the benefit of the injunction was contingent on some prerequisite the absence of which made the relief sought obsolete–in Harris it was that the plaintiff be living in the apartment complex; here, it was that Plaintiff reside in Southern Highlands. Thus, in both cases the plaintiffs were no longer in a position to benefit from the relief sought once they moved.

Defendants are also not barred from seeking dissolution of the injunction by the "law of the case" doctrine. Preliminary injunctions do not represent the "law of the case." Southern Oregon Barter Fair v. Jackson County, Oregon, 372 F.3d 1128, 1136 (9th Cir. 2004) (citations omitted). Beyond that, Defendants previous attempts to dissolve the injunction have not touched on the issue of Plaintiff's change of residence, (Opposition to Sanctions (#151) 8), the critical issue here.

Therefore, the Court having determined that the factual basis of the injunction is no longer valid and that Plaintiff is no longer in a position to benefit from the injunction, and seeing no equitable reason for refusing to dissolve the injunction, grants Defendants Motion to Dissolve.

**B. Sanctions**

Plaintiff asserts that Rule 11 sanctions are appropriate because Defendants' Motion is brought without support, because previous efforts to dissolve the injunction have been denied, and because Defendants' efforts represent an attempt to " 'paper' Plaintiff in Pro Se to death." (Opposition (#151) 8.)

Defendants' Motion, though, is supported by the general rule that dissolution of an injunction is appropriate where a change in factual circumstances warrants it.  Additionally, that previous efforts have been denied does not change the fact that Defendants now assert a different theory of dissolution, one that was not raised previously.  (Opposition to Sanctions (#158) 3.)  Finally, there is no indication that Defendants' Motion is an effort to take advantage of Plaintiff's pro se status.  Thus, Plaintiff's Motion for Sanctions is denied.

### III. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dissolve (#146) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Sanctions (#151) is DENIED.

IT IS SO ORDERED.

DATED this 19th day of March, 2007.

_____
United States District Judge